ANNA F. RHOADES et al., Respondents, v. RICHARD M. BUGG, Appellant.

St. Louis Court of Appeals, May 31, 1910.

1. **LIBEL AND SLANDER: Slander of Title: Written Words.** "Slander of title" differs from slander of person in that it may be the result of written as well as of spoken words.

2. ———: ———: **Language Necessary to Constitute Defamation.** There must be a defamation of title by language before an action for slander will lie; so that where defendant maliciously asserted title to ground by driving stakes in it, when he knew he had no title, for the purpose of preventing plaintiff from selling, and succeeded in accomplishing that purpose, an action for slander of title will not lie.

3. ———: ———: **Changing Theory: Trespass on the Case: Pleading.** Where an action was plainly one of slander of title, on failing to prove the slander, plaintiff could not recover as in trespass on the case.

Appeal from Washington Circuit Court.—*Hon. Jos. J. Williams,* Judge.

REVERSED AND REMANDED.

*James F. Green, Dinning & Dinning,* and *Edward T. Eversole* for appellant.

(1) The petition of plaintiffs does not state facts sufficient to constitute the cause of action attempted to be stated. The petition alleges an oral agreement to sell the land to Casey, and further that the oral agreement was not in writing, which agreement set up in the petition is within the Statute of Frauds and could not have been enforced by plaintiffs, hence, they had no right of action against defendant. Brentman v. N. Y. City Ct. Trt., 3 N. Y. Sup., p. 420; Burkett v. Griffith, 90 Cal. 533; Walkley v. Bostwick, 49 Mich. 374; Paull v. Halperty, 63 Pa. St. 46; 25 Am. and Eng. Ency. of Law (2 Ed.), p. 1077, sec. 5. (2) To maintain an action for

slander of title the plaintiff must establish (a) that the words were false.    Edwards v. Bussis, 60 Cal. 160; Butts v. Long, 106 Mo. App. 313; Like v. McKintry, 41 Barb. & N. Y. Rep., 186; Kendall v. Stone, 5 N. Y. 16; Dodge v. Colby, 108 N. Y. 445; Hill v. Ward, 13 Ala. 310; McDaniel v. Baca, 2 Cal. 329; Griffon v. Bank, 12 La. 5.    (b) That they cause an injury to plaintiff in reference to his title to the property.    Beach v. Raney, 2 Hill (N. Y.) 309; Crain v. Petrie, 6 Hill (N. Y.) 524; Collins v. Whitehead, 34 Fed. Rep. 121; Tobias v. Harland, 4 Wend. (N. Y.) 537; Hartley v. Herring, 8 Term Rep. 130; Pollars v. Lion, 91 U. S. 225.    (c) That they were uttered maliciously and in order to injure the plaintiff.    Kendall v. Stone, 5 N. Y. 19; Vantuil v. Riner, 3 Ill. App. 556.    (d) An action for slander to title must be grounded on malice.    Walkey v. Bostwick, 49 Mich. 374, and the burden of proving malice, either express or implied, is on the plaintiff in order to sustain the action.    Sike v. McKinstry, 3 Abb. N. Y. App. 62; Hargreave v. LeBreton, 4 Burr 223; Baley v. Dean, 5 Barb. (N. Y.) 297; Stock v. Chetwood, 5 Kan. 141.    (e) The plaintiffs must show title to the land or an interest therein.    (f) That there was a want of probable cause that defendant believed that he owned the land.    (3) There is no evidence that defendant said or did anything relating to the personal property described in the petition which was included in the oral agreement to sell to Casey and a part of which was included in the sale to Blount & Bust.    Indeed, the petition does not charge any slander of the title to any part of the personal property, and the proof shows conclusively that defendant did not claim any of the land described in the deed to Mr. Casey or in the deed to Blount & Bust, nor that contained in the plaintiffs' amended petition before it was amended the second time after plaintiffs' evidence was in and the defendant had filed a demurrer thereto.

*M. E. Rhodes, E. M. Dearing* and *Byrns & Bean* for respondents.

(1) It makes no difference that the original contract of sale between L. W. Casey and the agent of plaintiffs (M. E. Rhodes), was not enforceable for want of satisfying the Statute of Frauds. Pollock on Torts (1887 Ed.), p. 261; Webbs Pollock on Torts, p. 389; Rice v. Manley, 66 N. Y. 82; Benton v. Pratt, 2 Wend. 385; Green v. Button, 2 Cr. M. & R. 707; 16 Am. and Eng. Ency of Law (2 Ed.), p. 1111. (2) "So it formerly seems to have been supposed that the only ground of damages was loss of sale, or leasing the property, the title to which was assailed; it is, however, well settled at this day that any loss which is a natural and proximate consequence of the language is damage." Townshend on Slander and Libel (4 Ed.), 290; Newell on Slander and Libel (2 Ed.), p. 205, sec. 3. (3) In actions for damages for defaming title it is essential that the defamatory matter be false and malicious, and the jury in its discretion may award punitive damages in addition to the actual damages sustained by the plaintiff. 25 Am. and Eng. Ency. Law (2 Ed.), 1080, sec. b; Hopkins v. Drowne, 21 R. I. 20; Kendall v. Stone, 2 Sandf. (N. Y.) 269; Van Tuyl v. Riner, 3 Ill. App. 556; Hicks Bros. v. Mill Co., 57 L. R. A. 720. (4) In Benjamin Davidson's lifetime, defendant, by license from Davidson, occupied a part of the strip of land in dispute with wagon scales. Davidson's death terminated such license. Defendant then negotiated with Ed Davidson for the purchase of the ground in dispute. Failing in that he then accompanied his false claim of title with trespass by setting up stakes on plaintiff's premises for the purpose, as defendant testified, "to let the purchaser know what he had bought." Such false and malicious claim of title by defendant accompanied by trespass, made the case properly one for punitive damages. Hicks Bros. v. Mill Co., 57 L. R. A. 720;

Parker v. Shackleford, 61 Mo. 68; Newman v. Railroad, 2 Mo. App. 402; Buckley v. Knapp, 48 Mo. 152. (5) Punitive or exemplary damages may be recovered in this State where the act complained of has been maliciously done. That is, an intentional wrongful act without just cause or excuse will warrant the jury in finding punitive damages. McNamara v. Transit Co., 182 Mo. 680; Trauerman v. Lippincott, 39 Mo. App. 486; Isreal v. Isreal, 109 Mo. App. 374. Actual or express malice means an intentional wrongful act without just cause or excuse. Nelson v. Wallace, 48 Mo. App. 201. The case at bar was based on such actual or express malice and there was ample evidence to prove it, therefore plaintiff's instruction on punitive damages was proper. Carp v. Insurance Co., 203 Mo. 356; 25 Am. and Eng. Ency. Law (2 Ed.), p. 1083, sec. 6.

STATEMENT.—Action for damages for slander of title. The petition avers plaintiffs, in March, 1907, were the owners in fee simple of a lot of ground in the town of potosi, described as follows: "Part of lot No. five (5) in the village of Mine au Breton, now Potosi. A lot fronting on High street in said town of Potosi, and being fifty-six feet front by one hundred and fifty feet deep and bounded on the east by lot of Patrick Dallen, on the north and west by lot of R. M. Bugg, and on the south by High street;" that said property was known as the Davidson lot and a house used for a blacksmith and wagon shop stood on it containing tools and material; that all said property belonged to plaintiffs, and as they were desirous of selling it they placed it in the hands of M. E. Rhoades, as their agent, to sell. He negotiated a sale with L. W. Casey for $3180 for the lot, house, tools and material and immediately afterward a warranty deed to the property was prepared and signed by plaintiffs, but before it could be executed by all the plaintiffs and delivered to the purchaser Casey, the defendant, knowing the facts, maliciously contrived it to be suspected plaintiffs did not own said lot and could

not sell the same, and to prevent plaintiffs from making the sale, "did falsely, maliciously and without probable cause, represent and state of and concerning the plaintiffs and their real estate hereinbefore described, the following: That defendant on the . . . day of March, 1907, in the presence of other persons in the town of Potosi, falsely, maliciously and without probable cause, did go onto said premises of plaintiffs and set up and maintain four stakes thereon, one being at each corner of a piece of ground twenty-six feet wide by sixty-two feet long, and which piece of ground was situate in the northwest corner of the aforesaid premises of plaintiffs, for the purpose of asserting and representing and pretending to the public, to persons likely to purchase said property, and to said L. W. Casey, that defendant was the owner of the ground so staked off, and intending that all persons who saw said stakes on the property of plaintiffs should understand that plaintiff did not have title to the part. twenty-six feet wide by sixty-two feet long so marked off and designated by said stakes, and that defendant was the owner thereof, and that the public, persons likely to purchase said property and L. W. Casey saw said stakes so situate and did understand that defendant thereby represented that plaintiff did not have title to a strip of ground twenty-six feet wide by sixty-two feet long as marked off by said stakes in the northwest corner of the premises herein described as belonging to plaintiffs, and that defendant claimed to own the same; that defendant by means of his acts and representations aforesaid, did wrongfully, maliciously and without probable cause represent and assert to the public, to persons likely to purchase said property and to L. W. Casey, that defendant was the owner of a strip of ground twenty-six feet wide by sixty-two feet long in the northwest corner of the premises heretofore described as belonging to plaintiffs, and the plaintiffs had no title

thereto and could not sell the same; when, in truth and in fact, plaintiffs did own said premises and defendant had no interest therein, as he well knew." The petition then goes on to allege "that defendant did, on the . . . days of March, 1907, falsely, maliciously and without probable cause, state and represent of, and concerning the said property of the plaintiff, in the presence of persons in the town of Potosi, the false and slanderous words: 'I (meaning defendant) own a part of the Davidson lot; I (meaning defendant) own a part of that lot (meaning a part of the lot of plaintiffs); I (meaning defendant) have a deed to a part of that lot (meaning the lot of plaintiffs); anybody that buys that lot ( meaning the property of plaintiffs) will buy a lawsuit.' " It is averred defendant intended by those words to charge, and intended those who heard him should understand him to charge, plaintiffs did not have a good title to the premises described, but defendant owned part of said premises by virtue of a deed to a piece twenty-six feet wide by sixty-two feet long in the northwest corner thereof, and that defendant would enforce his claim against said premises by lawsuit against any one who should purchase same from plaintiffs. Various other allegations were made as to the falsity and malice of the words spoken by defendant concerning plaintiff's title and the purpose of defendant in speaking them. The petition concludes thus:

"Plaintiffs say that by reason of said false, defamatory and malicious acts, representations and statements so done and made by defendant, that the said L. W. Casey was dissuaded from the purchase of said property and that when said deed was executed by all of these plaintiffs, and tendered to said L. W. Casey, that he refused to take it and refused to purchase said property for the reasons aforesaid.

"Plaintiffs say that by reason of the aforesaid false and malicious claim of title so made by the defendant,

that they were prevented from selling said property to said L. W. Casey for the sum of $3180, or to any other person for that sum; and that they were compelled and afterwards did sell said property to Thomas F. Blount, H. E. Blount and W. H. Bust for the sum of $2500. Wherefore plaintiffs say that by the false and malicious acts and statements of defendant, they have been damaged in the sum of $680 actual damages, for which they ask judgment, and in the further sum of $5000 as punitive damages, for which they ask judgment. Plaintiffs pray judgment for $5680, and for costs of suit."

The jury returned a verdict in favor of plaintiffs for $680 actual and three thousand dollars punitive damages; but thereafter and before the appeal was taken, remitted the sum of two thousand dollars from the punitive damages; whereupon judgment was entered in favor of plaintiffs for $1680. Plaintiffs failed to prove the slanderous words laid in the petition, or enough of them to constitute the substance of the charge, and the case was submitted to the jury on the theory that if defendant, in setting up his stakes on the parcel of ground acted falsely, maliciously, without probable cause, and did not have title to the premises claimed by him, or reason to believe he had title, and because of said false representations about the title, Casey refused to purchase the lot, and plaintiffs were compelled to sell it for a less sum, the verdict should be for plaintiffs.

GOODE, J. (after stating the facts).—We would have gone into the facts of the title more fully were we not persuaded no case was made out and the verdict cannot stand. No doubt the action was brought with the expectation of proving not only that defendant drove stakes on the parcel of land in controversy, but claimed to own it by word of mouth and spoke disparagingly of the title of plaintiffs. No spoken or printed words having been proved, plaintiffs insist they are entitled to

have a verdict for defamation of title by the setting out of stakes by defendant. Slander of title differs from slander of person in that it may be the result of written as well as spoken words. [Odgers, Libel and Slander, ch. 4; Newell, Slander (2 Ed.), sec. 2, p. 204.] We have not found a case after long search, nor have we been cited to one, wherein it was held there could be slander of title except by words published in some manner; that is to say, by speaking, writing, printing or other mode of publication. The point never has been decided to our knowledge; but all the authorities imply there must have been a defamation of title by language for the action to lie. Practically conceding the action will not lie as one for slander of title, plaintiffs insist it may be treated as an action in the nature of trespass on the case, the essential fact being that the defendant maliciously asserted title to the ground by driving stakes, when he knew he had no title, for the purpose of preventing plaintiffs from selling, and succeeded in accomplishing the purpose. That is to say, his act alarmed Casey and prevented him from completing the sale, which had been negotiated with him. Without holding such an action will not lie, we hold it was not brought in this instance, which is plainly one for slander of title. The petition does not say setting the stakes out in itself prevented Casey from buying; but alleges, as will be observed by reading the conclusion, that said conduct, in connection with the verbal slander, broke up the sale. The allegation is "that by reason of said false, defamatory and malicious acts, representations and statements so done and made by the defendant," Casey was dissuaded from the purchase of the property, etc. The verbal slander is counted on throughout the petition as an essential part of the cause of action, and there was a futile attempt to make it good by evidence. We hold only that in the present action plaintiffs cannot recover as in trespass on the case, without deciding

whether or not such a remedy would be available if properly sought.

The judgment will be reversed and cause remanded. All concur.